UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DNA COMPREHENSIVE
THERAPY SERVICES, LLC d/b/a
Elite DNA Behavioral Health,

      Plaintiff/Counterclaim
      Defendant,

v.                             Case No.:   2:25-cv-714-SPC-NPM

NEXTGEN HEALTHCARE, INC,

      Defendant/Counterclaimant.

_____

## OPINION AND ORDER

Before the Court is Counterclaim Defendant DNA Comprehensive Therapy Services, LLC's ("Elite DNA") Motion to Dismiss Counterclaim. (Doc. 31).  Counterclaimant NextGen Healthcare, Inc. responded (Doc. 43), and Elite DNA replied (Doc. 46).  For the below reasons, the Court grants the motion in part.

This case involves competing breach of contract claims.[1]  Elite DNA retained NextGen to produce an electronic health record system.  The parties entered into a multimillion-dollar Master Agreement, which included an order

---

[1] The Court accepts the well-pleaded facts in the counterclaim as true and construes them in the light most favorable to the counterclaimant.  *United States v. Jallali*, 478 F. App'x 578, 579 (11th Cir. 2012).

form, supplemental order forms, statements of work, addenda, general terms and conditions, and a business associate agreement. Elite DNA believed the product was deficient, so it sued NextGen. (Doc. 14). Of course, NextGen disagrees. Therefore, it countersued for the unpaid accrued fees and seeks to accelerate payment for the remaining unaccrued installments—totaling about $9 million. It also asserts that Elite DNA held up development projects, which amounted to a repudiation of the Master Agreement. (Doc. 19).

In its counterclaim, NextGen asserts claims for breach of contract for the unpaid fees (count I), breach of contract for repudiation/wrongful termination (count II), breach of the implied covenant of good faith and fair dealing (count III), account stated (count IV), open book account (count V), and a request for a declaratory judgment (count VI).[2] (Doc. 19). Elite DNA moves to dismiss each claim, arguing that NextGen fails to state a claim or seeks improper damages. (Doc. 31).

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[2] The parties agree Delaware law applies to these claims because the Master Agreement includes a choice-of-law provision. (*See* Doc. 31 at 3; *see generally* Doc. 43).

2

A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

First, let's examine NextGen's breach of contract claims. In counts I and II, NextGen claims that due to Elite DNA's breach, it has been harmed "in the present amount to be proven at trial but not less than $9 million[.]" (Doc. 19 ¶¶ 29, 36). Elite DNA contends that the Master Agreement includes a limitation of liability clause, which makes the alleged $9 million in damages significantly higher than what is permitted. Therefore, it asks the Court to dismiss counts I and II to the extent NextGen seeks damages exceeding those allowed by the Master Agreement. (Doc. 31 at 9). The Court declines this request. NextGen is entitled to pursue any monetary amount it chooses in its counterclaim. Whether it can actually recover that amount is a matter for another time. Additionally, neither party has provided the Master Agreement, so the Court cannot interpret it.

Elite DNA also moves to dismiss count II on the merits. In that count, NextGen alleges that under the Master Agreement, NextGen agreed to provide

certain software and services in exchange for payment. (Doc. 19 ¶ 32). But Elite DNA refused to comply with its obligations under the statement of work. It "unilaterally plac[ed] all projects on hold for an indefinite period of time, effectively terminating the Master Agreement without cause." (*Id.* ¶ 33, 35). Seeking to dismiss this claim, Elite DNA argues NextGen fails to allege a termination or repudiation. (Doc. 31 at 9).

NextGen fails to state a claim for repudiation or termination. "Under Delaware law, repudiation is an outright refusal by a party to perform a contract or its conditions entitling the other contracting party to treat the contract as rescinded." *CitiSteel USA, Inc. v. Connell Ltd. P'ship*, 758 A.2d 928, 931 (Del. 2000). Although the precise contractual obligation is unclear, NextGen appears to allege that Elite DNA had a duty to take part in these "projects" but placed them on hold. Without more facts, this temporary hold does not plausibly allege an "outright refusal" by Elite DNA to perform its contractual obligations. Indeed, NextGen alleges elsewhere in its counterclaim that the projects resumed after only eight days. (Doc. 19 ¶ 17). The Court thus dismisses count II without prejudice.

In count III, NextGen asserts a claim for breach of the implied covenant of good faith and fair dealing. It alleges Elite DNA breached the implied covenant by:

- arbitrarily and irrationally rejecting NextGen's performance to avoid its contractual obligations to pay for the software services;
- refusing to assign, dedicate, or otherwise allot the resources required by the statement of work;
- unreasonably demanding NextGen provide additional software services;
- placing NextGen's projects on hold; and
- refusing to pay for the provided software services.

(Doc. 19 ¶¶ 40–42).  Elite DNA argues that these alleged breaches are governed by express contractual terms and should be dismissed.

The implied covenant of good faith and fair dealing applies to implicit obligations to a contract outside the contract's express terms.  *See Cygnus Opportunity Fund, LLC v. Washington Prime Grp., LLC*, 302 A.3d 430, 458 (Del. Ch. 2023).  To state a claim for breach of the implied covenant, a plaintiff "must allege a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff." *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 888 (Del. Ch. 2009) (citation omitted). "Because the implied covenant is, by definition, implied, and because it protects the spirit of the agreement rather than the form, it cannot be invoked where the contract itself expressly covers the subject at issue." *Cygnus Opportunity*, 302 A.3d at 458 (citations omitted).  "Applying the implied covenant is a cautious enterprise where the Court infers contractual terms to span gaps in a contract that the moving party pleads were not anticipated by

5

either party." *Kyle v. Apollomax, LLC*, 987 F. Supp. 2d 519, 527 (D. Del. 2013) (citation and quotation marks omitted).

NextGen fails to state a claim for breach of the implied covenant. The main issue is NextGen never alleged a specific implied obligation in the Master Agreement. Although it alleges several ways in which Elite DNA breached the implied covenant, the specific implied obligation remains unclear. This pleading deficiency warrants dismissal. *See Kuroda*, 971 A.2d at 888 (explaining "the complaint fails to draw a sufficient connection between the alleged violations of the implied covenant and a specific implied obligation in the contract").

Additionally, express contractual terms govern several of the alleged breaches. For example, NextGen alleges that Elite DNA refused to assign, dedicate, or otherwise allocate the resources *required by the statement of work.* The statement of work is part and parcel of the Master Agreement and expressly governs this claim. And the allegation that Elite DNA breached the implied covenant by refusing to pay for the provided services is also governed by the Master Agreement. *See id.* ("To the extent that [the plaintiff's] implied covenant claim is premised on the failure of defendants to pay money due under the contract, the claim must fail because the express terms of the contract will control such a claim."). Because an express contract governs these alleged breaches, they fail. The Court dismisses count III without prejudice.

In count IV, NextGen asserts an account stated claim.  It alleges that Elite DNA "requested by words, deeds, and conduct" that NextGen provide certain software and services for Elite DNA's benefit, which NextGen delivered.  (Doc. 19 ¶¶ 46–47).  NextGen maintained an account of the fees and costs incurred and sent regular invoices to Elite DNA.  (*Id.* ¶ 48).  According to these invoices, Elite DNA allegedly owes $630,193.04, which Elite DNA agreed to "by words and/or conduct[.]"  (*Id.* ¶ 49).  These allegations are insufficient.

"Delaware state courts have defined the requirements of an account stated as follows: (1) an account existed between the parties; (2) the defendant stated or admitted to owing a specific sum on the account to the plaintiff; and (3) the defendant made this admission after the original account or debt was created."  *Outbox Sys., Inc. v. Trimble Inc.*, No. CV N21C-11-123 PRW CCLD, 2022 WL 3696773, at *7 (Del. Super. Ct. Aug. 24, 2022) (citation omitted).  "Account stated claims generally are disfavored in Delaware."  *Tr.-ED Sols., LLC v. Gilbert LLP*, No. N20C-06-229 MMJ CCLD, 2022 WL 16641902, at *8 (Del. Super. Ct. Oct. 18, 2022).

NextGen fails to sufficiently allege the second and third elements of an account stated claim.  "[A] plaintiff must plead facts that the defendant stated or admitted to owing a specific sum on an account to plaintiff[.]"  *Id.* at *6; *Tr.-ED Sols.*, 2022 WL 16641902, at *8 ("To survive a motion to dismiss, an account stated claim must establish that the purported account debtor expressly

agreed to pay a certain sum at issue." (citation and quotation marks omitted)). NextGen does no such thing. Instead, it broadly alleges that Elite DNA "by words and/or conduct" agreed the amount was due and owing with no factual support. (Doc. 19 ¶ 49). Nor does NextGen allege that such admission was made after the original debt (*i.e.*, the Master Agreement or invoices produced therefrom) was created. *See Chrysler Corp. v. Airtemp Corp.*, 426 A.2d 845, 849 (Del. Super. Ct. 1980) ("An agreement constituting an account stated must be subsequent to the creation of the debt."). On these grounds alone, the Court dismisses count IV. *See Outbox Sys.*, 2022 WL 3696773, at *8 ("The Complaint contains no facts alleging [the defendant] expressly stated or admitted to owing a specific sum on an account, or that [it] made such an admission after the original debt (*i.e.*, the invoices) was created.").

There is another problem. The account stated claim duplicates NextGen's breach of contract claim for unpaid fees. Both claims arise from Elite DNA's alleged failure to pay the invoiced amounts for the contracted services in the Master Agreement. When an account stated claim is duplicative of a well-pleaded breach of contract claim, a court correctly dismisses the account stated claim. *See id.* So the Court dismisses count IV with prejudice.

NextGen's open book account claim (count V) fails for the same reason. "Money due under an express contract cannot be recovered in an action on an open book account in the absence of a contrary agreement between the parties."

8

1 Corpus Juris Secundum Account, Action on § 42. Because the funds sought by NextGen in its open book account claim arise from the Master Agreement, the Court dismisses count V with prejudice.

One point before moving to the final claim. To avoid the duplicative nature of its implied covenant and account claims, NextGen insists that it can plead them in the alternative. Not so. Although alternative pleading is generally allowed, *see* Fed. R. Civ. P. 8(d)(2), NextGen's duplicative claims are no such thing. As one Delaware court aptly explained:

> No doubt, Delaware's trial courts have shown growing antipathy toward both bootstrapped and needlessly duplicative claims in what are otherwise straightforward breach-of-contract cases. Sure, there is some utility and real need for pleading in the alternative under the right circumstances—for instance, where the complaining party expresses some palpable doubt as to a written contract's validity or enforceability. Where so, that need should be easily discernable in the complaint. Where not, the Court might rightly dismiss as completely duplicative or otherwise needless a pendant claim in favor of the well-pleaded breach-of-contract count. Doing so . . . keeps fidelity to Delaware's pro-contractarian ethos.

*Outbox Sys., Inc.*, 2022 WL 3696773, at *8 (citations omitted). There is no dispute the Master Agreement is a valid, enforceable contract. So NextGen's claims that are otherwise governed by the contract's express terms are not alternative; they are duplicative and needless. Rule 8(d)(2) does not salvage such claims.

9

Finally, the Court turns to NextGen's claim for a declaratory judgment (count VI).  Essentially, NextGen claims that it is unclear whether it has the right to accelerate payment for the entire contract ($9 million) under the Master Agreement, so it seeks a court ruling on this right.  (Doc. 19 ¶ 56–58).  Elite DNA contends that dismissal is required because this claim is duplicative of the breach of contract claims.

It is true that some courts dismiss declaratory judgment claims that "functionally seek adjudication on the merits of [the] breach of contract claim." *Meir v. Westchester Surplus Ins. Co.*, No. 0:25-CV-60039, 2025 WL 1422712, at *3 (S.D. Fla. Mar. 11, 2025).  But that is not the case here.  NextGen's first breach of contract claim seeks damages for Elite DNA's failure to pay under the contract.  This claim will largely turn on who breached first: Elite DNA or NextGen.  If Elite DNA was the first to breach, the amount that NextGen can collect for such breach may turn on whether NextGen could accelerate payment of the entire contract.  If it could accelerate payment, NextGen may be entitled to the full $9 million contract price; otherwise, it would have to settle for much less.  The declaratory judgment claim seeks a determination on this very issue.  So although there is overlap, count VI does not duplicate the breach of contract claim.[3]  Count VI survives.

---

[3] Plus, Elite DNA brought (arguably duplicative) claims for breach of contract and declaratory judgment in its own complaint.  (Doc. 14).

10

Accordingly, it is now

**ORDERED:**

Elite DNA's motion to dismiss (Doc. 31) is **GRANTED in part and DENIED in part**.

1. Counts II and III are **DISMISSED without prejudice**.

2. Counts IV and V are **DISMISSED with prejudice**.

3. On or before **March 20, 2026**, NextGen may file an amended counterclaim.

**DONE** and **ORDERED** in Fort Myers, Florida on March 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

11